United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11077
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD DALE STERRITT, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-164-1-D
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

    Richard Dale Sterritt, Jr., appeals from the sentence

imposed following his guilty-plea conviction for conspiracy to

commit securities fraud, money laundering, and filing false tax

returns in violation of 18 U.S.C. § 371.

    Sterritt challenges his sentence by arguing that the trial

court erred in its calculation of relevant conduct, in assessing

a leadership role, and in its restitution award.  Sterritt waived

the right to appeal his sentence but reserved, inter alia, the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to appeal any punishment imposed in excess of a statutory maximum and any upward departure from the United States Sentencing Guidelines range deemed most applicable by the sentencing court.

A defendant may waive his right to appeal if the waiver is knowing and voluntary. United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999). The defendant must know that he "had a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). Sterritt does not challenge his appeal waiver by arguing that the waiver was made unknowingly or in an involuntary fashion, and the record indicates that Sterritt was aware of and understood the terms of his appeal waiver.

Sterritt argues that because his appeal waiver's reservation of appeal rights regarding an appeal of a sentence that exceeded a statutory maximum did not specify a particular statutory maximum, he has preserved the right to appeal a punishment that exceeds any statutory maximum. He argues that under Blakely v. Washington, 124 S. Ct. 2531 (2004), his Guidelines range would have provided a sentencing range of zero to six months of imprisonment absent the district court's determination of facts that he did not admit and that were not determined by a jury. He then asserts that under Blakely, the Guidelines range of zero to six months is the applicable statutory maximum, and because the

district court's sentence of 60 months of imprisonment exceeded this statutory maximum, his appeal waiver does not preclude this appeal.

Sterritt's argument that this court should equate the minimum Guidelines range of zero to six months imprisonment with the statutory maximum in this case is premised upon his argument that Blakely invalidates the Guidelines. See blue brief, 6-7, 23-24, and passim. This argument is foreclosed by the court's holding in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir.), petition for cert. filed, (July 14, 2004) (No. 04-5263), in which this court held that Blakely does not extend to the federal Guidelines.

Sterritt has also filed an unopposed motion to stay proceedings. He argues that the future of Pineiro is uncertain because the Supreme Court granted a writ of certiorari in United States v. Booker, 375 F.3d 508 (7th Cir.), cert. granted, 125 S. Ct. 11 (2004), and Fanfan v. United States, No. 03-47, D. Me. (June 28, 2004), 2004 WL 1723114, cert. granted, 125 S. Ct. 12 (2004). Sterritt's argument that proceedings should be stayed pending further clarification from the Supreme Court does not provide authority for granting a stay. Cf. Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986).

Sterritt's appeal waiver precludes this appeal and the appeal is DISMISSED. The motion to stay proceedings is DENIED.